**STAR BLOCK & BUILDERS SUPPLY CO., INC., Plaintiff-Appellant, v. CLEVELAND TRUST COMPANY, Defendant-Appellee.**

Ohio Appeals, Seventh District, Lake County.

No. 606. Decided May 29, 1958.

Paul G. Klein, Wickliffe, for plaintiff-appellant.

Stark, Jett, Biechele, Orcutt & Hopf, Cleveland, for defendant-appellee.

## OPINION

By GRIFFITH, J.

The general contractor, Stark Construction Company, gave a check drawn on Lake County National Bank for $1200.00 to Bogart, doing business as C & B Masonry, payable to the order of the C & B Masonry and Star Block and Builders Supply Co., Inc., for construction job on sublot 68 on Lake Shore Boulevard, Willowick, Ohio. C & B Masonry was the masonry subcontractor. Star Block & Builders Supply Co., Inc., was the materialman to whom C & B Masonry was indebted for material delivered to that job.

The check bore on its face the notation "S-L 68 Lakeshore" identifying it as payment for work done and material furnished on that job.

On August 26, 1955, Bogart went to the office of Star Block and asked how much he owed for material delivered on job on Sublot 68, and was advised that the amount owing was $923.35.

On the same day Bogart paid Star Block by check $923.35 marking the check with the following notation "288 Lake Shore job Stark," thus identifying it with the particular job, and delivered the check to Star Block. Star Block accepted such check and credited C & B Masonry with such amount for material delivered to such job and marked such account paid.

Thus Star Block was paid in full for all materials it furnished on job "S-L 68 Lakeshore" Boulevard.

On the same day Bogart deposited the $1200.00 check in his account at the Cleveland Trust Company without the endorsement of either payee. The Trust Company forwarded the check for payment to the drawee bank, Lake County National Bank, received payment thereof and credited C & B Masonry's account with the amount thereof.

On date of this transaction Bogart owed Star Block for materials furnished on jobs other than "S-L 68 Lakeshore," on some of which jobs Stark was the prime contractor.

The $1200.00 check is properly a subject of conversion. Stark issued this check for the purpose of paying Star Block for materials and labor furnished on job "S-L 68 Lakeshore" and C & B Masonry. Thus Star Block was paid in full by Bogart's check for all materials it furnished on such job and the balance of $276.65 was credited to Bogart's account in the Cleveland Trust Company.

The $1200.00 check, though not endorsed by either party, has fully served the purpose for which it was issued and no one has been harmed by lack of endorsements of payees.

The trial judge was in error in entering judgment against the Cleveland Trust Company for $276.65 in favor of Star Block. Star Block had been paid fully on job "S-L 68 Lakeshore" and has suffered no damage by reason of the failure of the Cleveland Trust Company to exact endorsements of payees on the $1200.00 check.

The judgment of the trial judge is reversed and final judgment is entered for the Cleveland Trust Company, the defendant-appellee.

NICHOLS, PJ, GRIFFITH, J, concur.